## Case No. 11,602.

### READ v. BERTRAND.

[4 Wash. C. C. 556.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1825.

ACCOUNT—GOODS ON COMMISSION—PLEA.

Action of account. Plea, plene computavit. Plaintiff consigned to defendant a cargo of goods to sell on commission, and the agreement of defendant bound him to return those that should remain unsold. Defendant sold a part, and delivered to plaintiff an account current, in which he debits himself with all the goods, and credits the sales, leaving a large balance of

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

goods unsold and unreturned. The plea is not maintained, the account rendered not amounting to a full accounting, so long as a part of the goods remained unsold and unreturned. The plaintiff could not have maintained an action of insimul computassent for the balance of the account.

This was an action for account render. The pleas were (1) never bailiff or receiver; and (2) plene computavit. The evidence was the same as was given in the former action of assumpsit,—see [Case No. 11,601],—with proof of the following additional circumstances: That when the defendant came to Philadelphia in the year 1819, he delivered to the plaintiff an account of sales of goods which he had then disposed of, to the amount of about $10,000, together with an account current, in which he debited himself with all the goods which he had received, at their invoice prices, to the amount of about $36,000, and credited himself with the sales, leaving a balance of about $26,000. In 1820, when he returned to Philadelphia after his fruitless pursuit of Flep, he stated to the agent of the plaintiff, that he had settled all his affairs in New Orleans, and had now returned home to have a settlement with the plaintiff. He delivered to the agent another account current, in which nothing was stated as to the disposition of the residue of the plaintiff's goods, and making nearly the same balance as he had done the preceding year. The points made by the defendant's counsel were (1) that the defendant had changed his domicil from Pennsylvania to New Orleans in 1818–19, and consequently that this court had not jurisdiction; (2) that the accounts current, rendered by the defendant to the plaintiff in 1819 and 1820, supported the plea of plene computavit, and therefore that the verdict ought to be for the defendant.

Mr. Bradford, for plaintiff.
Mr. Philips, for defendant.

WASHINGTON, Circuit Justice, upon the first point, delivered the same charge in substance as he did on the trial of the cause above referred to.

2. The second question is, whether the evidence in the cause supports the plea of plene computavit, and this will be easily comprehended by the jury when we attend to the agreement between the parties, and the issue which is formed by the pleadings. The agreement was, that the defendant should receive from the plaintiff a parcel of jewellery and fine goods to sell on his account for a certain commission, and should return to the plaintiff all such of the goods as he should not be able to dispose of. If the goods, or any part of them, should be sold at prices beyond those at which they were invoiced, the defendant was to receive, as an additional compensation, one half of the excess. The declaration states the agreement, and the defendant's promise to account, and complains that he has not accounted, as he was bound to do. The defendant pleads in bar, that he has fully accounted, and upon this fact the parties are at issue. It is insisted by the defendant's counsel that the accounts current rendered by him to the plaintiff maintain the plea; as they included, on the debit side, the invoice price of all the goods, and on the credit side, all the sales, leaving the balance to his debit. It is very true that those papers contained an account, but did they contain a full account, according to the agreement of the parties? What was that agreement? It was to sell the whole of the goods, or, if that could not be done, then, to return to the plaintiff the unsold goods. But the accounts rendered to the plaintiff contained no statements either of the sales of those goods, or of a return of those not sold. They represent, it is true, the sales of a part of them, but show upon their face that the residue, to the amount of about $26,000, still remained unsold. How then can this be styled "fully accounting," according to the terms of the agreement? The object of the plaintiff on entering into it was, to have all the goods sold, with a view to the profit to be obtained upon them; and unless they were sold, his design was totally frustrated. Until the whole were sold, or, in case this could not be effected, the unsold part was returned to the plaintiff, it was not in the power of the defendant to account fully, and nothing short of that could satisfy the plea. If, in conformity with the truth, the defendant had ventured to plead that he had rendered an account merely, it would have been bad upon demurrer; as it could offer no bar to the action, without alleging that the defendant had fully accounted. The reason of all this is obvious. If the defendant has rendered a full account, the object of this suit was answered, and the plaintiff could not maintain it in this form of action. If he has not fully accounted, then the action of account render is proper, and the judgment quod computet follows, which sends the parties before auditors, whose province it is to examine and settle the accounts between the parties.

It was strongly insisted upon by the defendant's counsel, that after rendering the accounts current before spoken of, the plaintiff might have maintained an action of assumpsit upon an insimul computassent, for the balance struck by the plaintiff. The unanswerable objection to such an action would have been, that this balance consists of the unsold goods, and not of money in the hands of the defendant or of others, and that to make the defendant liable for their invoice price, or for any other price, would be to treat him as a purchaser of those goods against his will, and against the will of the plaintiff also, who might not choose to waive the profits which he might expect upon a sale of them. To this it could not be answered, that by presenting such an account, the defendant bound himself to pay the balance; because the manifest intention of rendering

such an account is merely to present to the principal a statement of the goods sold and unsold, and not a final account; which could not be rendered until all the goods were sold, or returned to the plaintiff. This point was decided in the former action, when the court informed the jury that the plaintiff could not recover upon the count for an insimul computassent, since there was no evidence that the parties had accounted together. There is then nothing in this objection; and if the jury should be of opinion upon the first point, that the defendant was a citizen of this state when this action was brought, they ought to find a verdict for the plaintiff.

Verdict for plaintiff, and judgment quod computet.